NO. 07-03-0205-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 18, 2003

_____


CHARLES EDWARD WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 411TH DISTRICT COURT OF SAN JACINTO COUNTY;

NO. 8590; HONORABLE ROBERT H. TRAPP, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant was convicted by a jury of theft and punishment was assessed at two years confinement in a state jail facility, suspended for five years. Appellant timely filed his notice of appeal. Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on or before July

30, 2003, but has yet to be filed.  Also, no motion for extension of time has been filed.  By letter dated August 20, 2003, this Court notified appellate counsel, Karen Zellars, of the defect and also directed her to provide a satisfactory explanation why the brief has not been filed.  Ms. Zellars did not respond and the brief remains outstanding.

Therefore, we now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      whether appellant is indigent and entitled to appointed counsel;

3.      whether counsel for appellant has abandoned the appeal; and

4.      whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned

issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, October 31, 2003.

It is so ordered.

Per Curiam

Do not publish.

3